**Rodolfo FLORES, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–72065.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2009.

Filed June 22, 2009.

ed by 9th Cir. R. 36–3.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Kiran Nair, Esquire, Newport Beach, CA, for Petitioner.

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Janice Kay Redfern, Esquire, Jennifer Paisner Williams, Donald E. Keener, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: W. FLETCHER, CLIFTON, and M. SMITH, Circuit Judges.

## MEMORANDUM[*]

Rodolfo Flores petitions for review of a decision of the Board of Immigration Appeals affirming the immigration judge's denial of his application for a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We dismiss Flores's petition for lack of jurisdiction.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided

We do not have jurisdiction to review an IJ's discretionary decision whether to grant relief under former section 212(c). *Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 923 (9th Cir.2007) (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). While the REAL ID Act of 2005 restored judicial review of "constitutional claims or questions of law" presented in a petition for review from such decisions, *see* 8 U.S.C. § 1252(a)(2)(D), any challenge on these grounds must present a "colorable" constitutional claim or question of law. *Vargas–Hernandez,* 497 F.3d at 921. To determine whether we have jurisdiction over Flores's petition, therefore, we must decide if he raises any such claims, or, alternatively, if each of his claims amounts to an unreviewable question of fact.

Flores alleges that the IJ clearly erred by determining that Flores's testimony regarding his 1985 arson conviction was not credible and by requiring Flores to provide corroborating evidence for his claimed equities. The IJ's adverse credibility determination is a finding of fact. *See Damaize–Job v. INS,* 787 F.2d 1332, 1338 (9th Cir.1986). Similarly, whether the IJ erred in requiring corroboration is "inherently intertwined with the IJ's assessment of the facts." *Mendez–Castro v. Mukasey,* 552 F.3d 975, 979 (9th Cir.2009). There is no authority to suggest that this claim constitutes a legal question. Accordingly, Flores has failed to raise a colorable question of law in his petition for review, and we must dismiss for lack of jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas–Hernandez,* 497 F.3d at 921.

**PETITION DISMISSED.**